IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH KRISHNA RANKIN  :

    Plaintiff

                    :

v.                                             Civil Case No. L-11-3036

                      :

LOEWS ANNAPOLIS HOTEL CORP.

                      :

    Defendant                  :

o0o

## MEMORANDUM

       Plaintiff, Kenneth Krishna Rankin, brings this action against Defendant, Loews Annapolis Hotel Corp. ("Loews"), under the Maryland Fair Employment Practices Act. Now pending are Loews's Motion to Dismiss the Complaint (Docket No. 3) and Rankin's Motion for Leave to File an Amended Complaint (Docket No. 5). For the reasons stated herein, the Court will, by separate Order of even date, GRANT Loews's Motion to Dismiss and DENY Rankin's Motion for Leave to File an Amended Complaint.

### I. BACKGROUND

       The following facts are taken from Rankin's proposed First Amended Complaint. Rankin, a Loews Employee, alleges that at some point in the spring of 2010 "he requested knee pads as he could not do his job without this accommodation." Prop. Am. Compl ¶18, Docket No. 5-9. Rankin does not describe his position with Lowes, the nature of his job duties, or the reason why knee pads might be a necessary accommodation. Loews allegedly denied Rankin's

1

request, causing him to file a complaint with Maryland Occupational Safety and Health ("MOSH"), a division of the Maryland Department of Labor, Licensing and Regulation.

The complaint was referred to Lowes, and on June 4, 2010 Loews' General Manager, James LoBosco, replied to MOSH. LoBosco explained that there had been a failure of communication and that he had verified that knee pads were available onsite to all staff. LoBosco also stated that he had purchased additional knee pads to ensure an adequate supply and spoken to his management team about the issue. Rankin alleges that LoBosco was annoyed with him for requesting knee pads and filing the complaint, and further alleges that LoBosco told Rankin that he was "'too old' for his job." Prop. Am. Compl. ¶27. Rankin provides no information regarding any further MOSH proceedings and does not reveal whether or not he was given knee pads thereafter.

On June 18, 2009, Rankin underwent an arthroscopic partial medial meniscectomy on his left knee, resulting in a need for continuing treatment by his physician. Rankin alleges that he developed complications, including chronic pain, an inability of the knee to support his weight, and a permanent limp. Rankin attaches and incorporates by reference several notes from his doctor dated between July 29, 2009 and September 2, 2009. These notes reflect that Rankin reported some pain, but state that his condition was improving, his "activities of daily living [were] normal," and he was "able to exercise and able to work in a normal capacity." See Docket Nos. 5-1, 5-2, 5-3, and 5-4.

On September 21, 2009, Rankin did not report for work as scheduled, but rather went to see his doctor. The proposed Amended Complaint recites that at some unspecified time "[a]fter visiting his Doctor," Rankin brought Loews a doctor's note explaining his condition. Rankin also claims that the note stated he would be unable to return to work until September 25, 2009.

Prop. Am. Compl. ¶32. The September 21, 2009 note that Rankin attaches to his proposed Amended Complaint contains no such language, however; it sets forth only that Rankin's doctor recommended physical therapy and a repeat MRI, and that Rankin "will return next week in followup." See Docket No. 5-5. Rankin states that his employment was terminated on September 21, 2009, and he alleges that "[a] motivating factor in this termination was Rankin's knee disability." Prop. Am. Compl. ¶33.

Approximately eight months later, Rankin filed a charge of discrimination with the EEOC. The charge claimed that Rankin had been terminated on September 25th, not September 21st, and stated that Rankin "was informed that [he] was discharged for failing to follow the call-in policy on September 21, 2009, because [he] was on a final warning" following two prior disciplinary incidents. See Docket No. 3-2. The EEOC dismissed Rankin's claims and issued a right to sue letter on September 19, 2011.

On September 21, 2011, Rankin filed suit in the Circuit Court for Anne Arundel County, alleging that Loews had failed to provide him reasonable accommodation and terminated him in violation of the Maryland Fair Employment Practices Act, Maryland's analogue to the Americans with Disabilities Act ("ADA").[1] Loews removed the case to this Court on the basis of diversity jurisdiction and filed the pending Motion to Dismiss. In response, Rankin moved to amend his Complaint to include additional factual allegations and a claim under the ADA.[2]

---

[1] The same day, Rankin filed a separate suit against Loews in this Court, on the same set of facts, alleging that his termination was in violation of the Family Medical Leave Act. In addition, Rankin contends that he and other employees were denied overtime compensation. The suit is currently pending. Rankin v. Loews Annapolis Hotel Corp., Civil No. L-11-2711 (D. Md.).

[2] In his opposition, Rankin recites that "Defendant Loews has removed this complaint from the Circuit Court for Anne Arundel County on the basis of diversity jurisdiction. This Honorable Court has not ruled on this issue. By moving to amend this complaint to include a federal cause of action under the Americans With Disabilities Act . . . Plaintiff renders this issue moot as there now exists federal question jurisdiction." Pl.'s Opp. 1, Docket No. 5. This statement is puzzling, to say the least. Rankin has filed no motion to remand on which the Court might rule, nor has he otherwise pointed to any probable deficiency in the Court's subject matter jurisdiction.

Lowes renewed its Motion to Dismiss.  It argues that Rankin's request to amend should be denied as futile because the proposed Amended Complaint still fails to allege sufficient facts to state a claim under either the Fair Employment Practices Act or the ADA.

## II.     LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of his claim.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965.  The Court must, however, "assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement of relief."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

Federal Rule of Civil Procedure 15(a) states that leave to amend a pleading should be "freely given when justice so requires."  Such leave may be denied, however, when granting the motion "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile."  Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (internal quotation marks omitted).

## III.    ANALYSIS

Rankin's original Complaint falls far short of establishing a plausible entitlement to relief.  Acknowledging this, Rankin proposes to amend his Complaint to include additional

---

Equally inapposite is the assertion in Rankin's proposed Amended Complaint, filed along with the above-quoted opposition some two weeks after the case had been removed to federal court without objection, that "[v]enue is conferred on The Circuit Court of Anne Arundel County Maryland because the unlawful employment practices occurred in Anne Arundel County at the Annapolis MD location where Rankin was employed."  Prop. Am. Compl. ¶8, Docket No. 5-9.

factual allegation, which are recounted supra.  Because Rankin's proposed Amended Complaint still fails "to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, Loews' Motion to Dismiss must be granted and Rankin's Motion for Leave to Amend must be denied.

The ADA prohibits discrimination by a covered entity, including a private employer, "against a qualified individual with a disability." See 42 U.S.C. §§ 12111(2), 12112(a).  The Maryland Fair Employment Practices Act has "substantially identical provisions to the ADA statute." McCullough v. Prince George's Cnty., No. AW-08-515, 2010 WL 723979, at *4 n.4 (D. Md. Feb 24, 2010) (citing Ridgley v. Montgomery. Cnty., 164 Md. App. 214, 232 (Md. Ct. Spec. App. 2004)).

Rankin alleges both that Loews failed to accommodate his disability and that he was terminated because of his disability.  To proceed with a failure to accommodate claim under the ADA, a plaintiff must demonstrate that: "(1) he suffers from a disability within the meaning of the ADA; (2) the employer had notice of his disability; (3) the plaintiff could have performed the essential functions of his position with reasonable accommodation; and (4) the employer refused to make such accommodations." Rhoads v. F.D.I.C., 257 F.3d 373, 387 (4th Cir. 2001).  To establish a prima facie case of wrongful termination under the ADA, a plaintiff must show that (1) he was a qualified individual with a disability, (2) he was discharged, (3) he was fulfilling his employer's legitimate expectations at the time of discharge, and (4) the circumstances of his discharge raise a reasonable inference of unlawful discrimination." Rohan v. Networks Presentations LLC, 375 F.3d 266, 272 n. 9 (4th Cir. 2004) (citing Haulbrook v. Michelin N. Am., Inc., 252 F.3d 696, 702 (4th Cir.2001)).

Both of Rankin's claims, therefore, require that he qualify as disabled. Under the ADA, to qualify as disabled a person must either "(1) [suffer] from a physical or mental impairment that substantially limits . . . a major life activity; (2) [have] a record of such impairments; or (3) [be] regarded as having such an impairment." 42 U.S.C. § 12102(1).

Rankin has failed to allege sufficient facts to meet this standard. While he claims that his knee surgery resulted in pain and a limp, he does not identify how his condition substantially limited any major life activity. To the contrary, the assessments of Rankin's treating physician prior to the date he failed to show up for work, which Rankin incorporates into his complaint, state that his daily activities were unimpeded and that he was able to work and exercise normally. Rankin's alternative argument, that his request for knee pads establishes conclusive proof of his disability, is circular: he claims that he needed knee pads because he was disabled and that he must have been disabled because he needed knee pads. Any contention that only a disabled person would require kneepads is further undercut because: (1) Rankin provides no information about the nature of his job duties, and (2) materials incorporated into Rankin's proposed Amended Complaint indicate that knee pads were made available to all employees.

To the extent that Rankin contends his condition became more serious around September 21, 2009, when in lieu of work he went to see his doctor and complained of his knee buckling or giving way, see Docket No. 5-5, the term "disability" does not include "temporary medical conditions . . . even if those conditions require extended leaves of absence from work." Halperin v. Abacus Tech. Corp., 128 F.3d 191, 199 (4th Cir. 1997), overruled on other grounds by Baird v. Rose, 192 F.3d 462 (4th Cir. 1999). See also Pollard v. High's of Baltimore, Inc., 281 F.3d 462, 468 (4th Cir. 2002) ("[A] temporary impairment, such as recuperation from surgery, will generally not qualify as a disability under the ADA.") (citing Halperin and collecting cases).

## IV.    CONCLUSION

For the reasons stated above, Rankin has not sufficiently pled a cause of action under either the Maryland Fair Employment Practices Act or the ADA.  His proposed amended Complaint similarly fails and, therefore, amendment would be futile in this case.  The Court will, by separate Order of even date, GRANT Loews's Motion to Dismiss and DENY Rankin's Motion for Leave to Amend.


Dated this 14th day of May, 2012

/s/
_____
Benson Everett Legg
United States District Judge